**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:   Joseph Crescenzo | Case No.:    17-14004 |
| | Judge:       ABA |

Debtor(s)

## Chapter 13 Plan and Motions

| | | |
|---|---|---|
| ☐  Original | X   Modified/Notice Required | Date:   November 2, 2017 |
| ☐  Motions Included | ☐   Modified/No Notice Required | |

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*.  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES X DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES X DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES X DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: <u>MR</u>          Initial Debtor:<u>JC</u>    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

  a. The debtor has paid to date $1742 to the Chapter 13 Trustee. He will continue to pay $408 per month starting on December 1, 2017 for approximately 60 months.

  b. The debtor shall make plan payments to the Trustee from the following sources:

     X    Future earnings

     ☐    Other sources of funding (describe source, amount and date when funds are available):

  c. Use of real property to satisfy plan obligations:

    ☐ Sale of real property
    Description:
    Proposed date for completion: _____

    ☐ Refinance of real property:
    Description:
    Proposed date for completion: _____

    ☐ Loan modification with respect to mortgage encumbering property:
    Description:
    Proposed date for completion: _____

  d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

  e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection** ☐ NONE

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Isabel Balboa, Chapter 13 Trustee | Administrative Expense | As Allowed By Statute |
| Moshe Rothenberg, Esq | Administrative Expense | $3060 |
| Rosemary Crescenzo | DSO | None(outside the Plan) |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

X None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | | |

**Part 4:    Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence: NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  X NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:  X NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| Santander Consumer Bank | 2011 Jeep Cherokee | 5% | $8931 | $8931 |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** X **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Internal Revenue Service | Unencumbered equity on Schedules A and B | $28,882 | $8869 | None | $8869 | N/A | $8869 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender   NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan   NONE**

The following secured claims are unaffected by the Plan:

| **g. Secured Claims to be Paid in Full Through the Plan**: X NONE | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

**Part 5:    Unsecured Claims ☐ NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

   Not less than $ _____ to be distributed *pro rata*

   X  Not less than   0 percent

   ☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  X NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   X NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  X NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.  NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Internal Revenue Service | Unencumbered equity on Schedules A&B | $28,882 | $8869 | **$8869** | $20.013 |

**Part 8:    Other Plan Provisions**

### a. Vesting of Property of the Estate

[X] Upon confirmation

[ ] Upon discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Expenses
3) Priority Claims
4) Secured Claims

### d. Post-Petition Claims

The Standing Trustee [ ] is, [X] is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:   Modification   [ ] NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____11/2/2017_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To surrender the 317 Winding Way property and to account for the DSO | To surrender the 317 Winding Way property and to account for the DSO |

Are Schedules I and J being filed simultaneously with this Modified Plan?    [ ] Yes    [X] No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: November 2, 2017                                            /s/ Moshe Rothenberg, Esq.
                                                                   Attorney for the Debtor

Date: November 2, 2017                                            /s/ Joseph Crescenzo
                                                                   Debtor

Date:  November 1, 2017_____           _____
                                                                   Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: November 2, 2017                                            /s/ Moshe Rothenberg, Esq.
                                                                   Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: November 2, 2017                                            /s/  Joseph Crescenzo
                                                                   Debtor

Date: November 1, 2017_____              _____
                                                                   Joint Debtor

Case 17-14004-ABA    Doc 68    Filed 11/04/17    Entered 11/05/17 00:35:06    Desc Imaged
Certificate of Notice    Page 12 of 13

United States Bankruptcy Court
District of New Jersey

In re:                                                                 Case No. 17-14004-ABA
Joseph W Crescenzo                                                     Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-1           User: admin              Page 1 of 2            Date Rcvd: Nov 02, 2017
                               Form ID: pdf901          Total Noticed: 16

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 04, 2017.
db             +Joseph W Crescenzo,   355 North Street,    Hammonton, NJ 08037-9719
cr             +Foreclosed Assets Sales and Transfer Partnership,    c/o Norris McLaughlin & Marcus, P.A.,
                 400 Crossing Boulevard,   8th Floor,   Bridgewater, NJ 08807-2863
cr             +Seterus, Inc., authorized subservicer for Federal,    P.O. Box 1047,   Hartford, CT 06143-1047
516675845      +Foreclosed Asset Sales and Transfer Part,   Norris McLaughlin and Marcus,
                 721 US Highway 202/206 Ste 200,   Bridgewater, NJ 08807-2510
516794799      +Foreclosed Assets Sales and Transfer Partnership,    Apex Bank,
                 430 Montbrook Lane, Suite 207-208,   Knoxville, TN 37919-2705
516904081      +MTGLQ Investors, L.P.,   Shellpoint Mortgage Servicing,    PO Box 10826,
                 Greenville SC 29603-0826
516717110      +SANTANDER CONSUMER USA, INC.,   P.O. BOX 560284,    DALLAS, TX 75356-0284
517115153     ++STATE OF NEW JERSEY,   DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court: State of New Jersey,    Department of Treasury,
                 Division of Taxation,   PO BOX 245,   Trenton NJ 08695-0245)
516675847       Santander Consumer USA,   5201 Rufe Snow Dr,    North Richland Hills, TX   76180-6036
516718627      +Santander Consumer USA Inc,   PO Box 961245,    Fort Worth TX 76161-0244
516675848       Seterus Inc,   14523 SW Millikan Way Ste 200,    Beaverton, OR 97005-2352
516812458      +Seterus, Inc., as authorized subservicer for Feder,    c/o Seterus, Inc.,   PO Box 1047,
                 Hartford, CT 06143-1047

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Nov 02 2017 22:42:03      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ   07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 02 2017 22:42:02      United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516675846       E-mail/Text: cio.bncmail@irs.gov Nov 02 2017 22:41:37      Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA   19101-7346
516688104      +E-mail/PDF: gecsedi@recoverycorp.com Nov 02 2017 22:35:29      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,   PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 4

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 04, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 2, 2017 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    MTGLQ INVESTORS, L.P. dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Erin  Darden    on behalf of Creditor    United States of America erin.darden@usdoj.gov
              Gary N. Marks    on behalf of Creditor    Foreclosed Assets Sales and Transfer Partnership
               gnmarks@nmmlaw.com, mmarks@nmmlaw.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Matteo  Percontino    on behalf of Creditor    Foreclosed Assets Sales and Transfer Partnership
               matteo.percontino@leclairryan.com, anna.sullivan@leclairryan.com
              Moshe  Rothenberg    on behalf of Debtor Joseph W Crescenzo moshe@mosherothenberg.com,
               alyson@mosherothenberg.com
```

Certificate of Notice    Page 13 of 13

```
District/off: 0312-1          User: admin              Page 2 of 2              Date Rcvd: Nov 02, 2017
                              Form ID: pdf901          Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          Robert P. Saltzman    on behalf of Creditor    Seterus, Inc., authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America dnj@pbslaw.org
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov

                                                                                                                                    TOTAL: 9

Case 17-14004-ABA    Doc 68    Filed 11/04/17    Entered 11/05/17 00:35:06    Desc Imaged
Certificate of Notice    Page 13 of 13